UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HAROLD E. SUTTON,**

    **Plaintiff,**

v.                                              Case No.: 8:15-CV-1065-T-17EAJ

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

### REPORT AND RECOMMENDATION

This matter comes before the Court sua sponte. In a May 7, 2015 order, Plaintiff's complaint, construed as an appeal of a final decision of the Commissioner of Social Security, was denied for failure to establish this Court's jurisdiction. (Dkt. 5) Plaintiff was afforded an opportunity to file an amended complaint that comported with Rule 8's pleading standard. (Id.)

On May 13, 2015, Plaintiff submitted a document entitled "(Amendment) to Request for Court Review," which states:

    #1.    Case Involves: Social Security or Federal Agency

    #2    Pleader is entitled to relief because of inability to afford filing fees. Pleader is unemployed, has physical/mental disability the prevent or greatly deminish ability to work.

    #3    Please except this request for relief on these grounds.

(Dkt. 7 at 1-2) Additionally, Plaintiff re-submitted his initial letter requesting judicial review and a document entitled "Notice of Appeals Council Action" dated April 17, 2015. (Id. at 3-7)

Even if liberally construed as an amended complaint, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), Plaintiff's May 13, 2015 submission fails to meet

Rule 8's pleading standard, which provides that a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although the Rules require no technical form for pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). While Plaintiff contends that he is bringing a claim against the Social Security Administration, Plaintiff has failed to provide a short and plain statement of the claim showing that he is entitled to relief. Therefore, Plaintiff's amended complaint is due to be denied pursuant to Rule 12(b)(6), Fed. R. Civ. P. See 28 U.S.C. § 1915(e)(2)(B) (the court may dismiss a complaint brought by an indigent person that is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)  This action be dismissed for failure to state a cause of action. See Local Rule 3.10(a), M.D. Fla.

**DATE: September 1, 2015**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge